■ In the Matter of Rosa Lopez, Petitioner, v Emanuel Popolizio, as Chairman of the New York City Housing Authority, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered January 15, 1991, the petition is granted, without costs, and the determination of respondent dated April 11, 1989, which found, after an informal hearing, that petitioner does not meet the eligibility requirements for an apartment in public housing, is unanimously annulled and the matter is remanded to respondent for reconsideration of petitioner's application for public housing in accordance with this decision.

At the time of her petition, petitioner and her nine year old son were living doubled-up with a friend and her family.

Previously, from 1979 to 1985, petitioner had resided with her husband and child in an apartment in Brooklyn. Her husband operated a store in the building and apparently the apartment and store were covered by one lease in the name of A.B.M. Grocery Store, Inc. Sometime in 1985, her husband allegedly abandoned his family and his business. Thereafter, the husband's brothers operated the store and permitted the petitioner to continue to live in the apartment rent free.

Petitioner, who speaks very little English, testified that she assumed that the rent on the store and the apartment was being paid by her brothers-in-law, one of whom assured her that he would pay the rent. In November 1987, the brothers-in-law abandoned the store. Petitioner and her son continued to live in the apartment and, in July 1988, one brother-in-law informed her that the rent had been paid.

The building was apparently sold and the new landlord, who allegedly "wanted her out", commenced a holdover proceeding against petitioner as a licensee of the prior corporate tenant of record. The proceeding was settled and petitioner agreed to vacate the apartment in return for a payment of $2500.

Petitioner divorced her husband in 1987 and, at the time of the informal hearing, he resided in the Dominican Republic and was sending her $125 weekly in child support through his brother.

Respondent's own manual requires that, in order to qualify for admission to public housing, a family must have " 'an acceptable record of meeting its rent obligations, with due allowance for special circumstances beyond the control of the family.' " It further provides that where there has been an eviction for non-payment, "careful consideration shall be given the applicant's explanation of any special circumstances causing the poor record as well as the facts which (s)he presents as assurance that the unacceptable record will not be repeated if (s)he is admitted to public housing."

Based upon the uncontroverted testimonial and documentary evidence in the record, it cannot be said that petitioner was evicted for non-payment in light of the settlement of the holdover proceeding and the landlord's payment in order to induce petitioner to vacate the apartment.

Unlike Matter of Lopez v Popolizio (160 AD2d 401), relied upon by respondent, where there was evidence that the petitioner, the tenant of record, had a history of late payments and two non-payment dispossess proceedings, the petitioner here, as found by the Hearing Officer, never herself had a

"rent obligation," as referred to in respondent's manual (supra), and thus never paid the rent herself.

Under the special circumstances presented, it would be irrational to require petitioner, who was seemingly found to be otherwise qualified for public housing, to present evidence of an acceptable record of past rent payments. Accordingly, respondent's determination must be annulled. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.